1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   James J. Everett,                      )    No. CV-11-836-PHX-SMM
                                           )
10                  Plaintiff,             )    **ORDER**
                                           )
11  v.                                     )
                                           )
12  American Family Mutual Insurance Co.,  )
                                           )
13                  Defendant.             )
                                           )
14  _____       )

15          Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 59), and

16  Defendant's Motion for Summary Judgment (Doc. 61). The Court will order further briefing

17  from the parties.

18                                  **BACKGROUND**

19          Plaintiff was insured by Defendant under a policy that contained, among other

20  provisions, a clause guaranteeing him against loss caused by theft. (Doc. 59 at 6.) The

21  policy excluded from coverage theft committed by Plaintiff's "spouse who is a resident of

22  [Plaintiff's] household." (Id. at 7.)

23          On December 28, 2008, Plaintiff informed his then-wife, Ms. Colleen Brusseau, that

24  he intended to move out of the marital residence "sometime soon." (Doc. 62 ¶ 10.) Ms.

25  Brusseau filed for divorce from Plaintiff on February 2, 2009. (Id. ¶ 12.) On February 14,

26  2009, Plaintiff visited his Prescott vacation residence; the last time Plaintiff had visited the

27  residence prior to this occasion was in November of 2008. (Id. ¶¶ 3-4.) Upon entering the

28  Prescott residence, Plaintiff allegedly discovered that a large amount of personal property

1  was missing.  (Id. ¶ 3.)

2       Plaintiff called the Yavapai County Sheriff's Office that same day, February 14, to

3  report the property missing.  (Id. ¶ 5.)  Officer Murray of the Yavapai County Sheriff's

4  Office took a report.  (Doc. 62-1 at 47.)  Plaintiff informed Officer Murray that among the

5  items missing were four Honda "Quads" and a Honda motorcycle, which were registered to

6  him in Arizona.  (Id. at 48.)  The officer  checked and found that no Hondas were registered

7  to Plaintiff in Arizona.  (Id.)  The officer then checked the Vehicle Identification Numbers

8  of the Hondas, and found that they were all registered to Ms. Brusseau.  (Id.)

9       Officer Murray called Plaintiff back and informed him that the Hondas were now

10  registered to Ms. Brusseau.  (Id.)  Plaintiff informed the officer that Ms. Brusseau was his

11  wife, but that they were separated.  (Id.)  The officer later contacted Ms. Brusseau by

12  telephone on March 15, 2009, and she told the officer that she took the items from the

13  Prescott property, and that Plaintiff knew she had done so.  (Id. at 49.)

14       On February 20, 2009, Plaintiff's attorney O'Connor sent a letter to Ms. Brusseau's

15  attorney.  (Doc. 62 ¶ 16.)  The letter stated: "It appears your client has taken 95% of the

16  furnishings from the Prescott residence.  Demand is made for return of these items

17  immediately since its [sic] my clients [sic] sole and separate property."  (Doc. 62-1 at 72.)

18       At the divorce hearing, Ms. Brusseau again admitted to taking various items from the

19  Prescott property.  (Doc. 62 ¶ 17.)  A Decree of Dissolution of Marriage from the Superior

20  Court of Maricopa County was entered in June of 2010.  (Doc. 69 ¶ 18.)  As part of that

21  decree, the court found that "with two exceptions, the tangible personal property [Brusseau]

22  took from the Prescott house consisted of her sole and separate property . . . and an equitable

23  portion of the community property in that house."  (Doc. 62-2 at 12.)  The two exceptions

24  found by the court were a washer and dryer, and the four Hondas; the court thus ordered Ms.

25  Brusseau to reimburse Plaintiff for value of these items.  (Id.)

26       On March 2, 2009, Plaintiff submitted a claim with Defendant for theft of the personal

27  property taken from the Prescott residence.  (Id. at 2.)  Defendant eventually denied

28  Plaintiff's claim.  (Id. at 5.)  Plaintiff thereupon brought this action in the Maricopa County

1  Superior Court, alleging one count of breach of contract and one count of breach of the duty

2  of good faith and fair dealing.  (Doc. 1.)  Defendant timely removed to this Court.  (Id.)

3       On June 1, 2012, Defendant brought its motion for summary judgment, arguing that

4  there exists no genuine issue of material fact and that judgment in its favor is appropriate as

5  a matter of law.  (Doc. 59.)  Defendant contends that there is no question that: (1) Plaintiff's

6  ex-wife was a member of Plaintiff's "household" at the time of the theft and thus the theft

7  is not covered under the policy; (2) Plaintiff breached the cooperation clause of the policy;

8  (3) Plaintiff violated the material misrepresentation/fraud clause of the policy; (4) Defendant

9  acted in good faith in adjusting Plaintiff's claim; and (5) there is no evidence to support

10  Plaintiff's punitive damages claim.  (Id. at 1.)

11       Plaintiff simultaneously brought his motion for partial summary judgment, arguing

12  that the undisputed facts show that his ex-wife was not a member of his household at the time

13  she took the property from the Prescott residence.  (Doc. 61.)

14                                   **DISCUSSION**

15       Rule 56(f)(2), FED.R.CIV.P., provides that after giving notice and a reasonable time

16  to respond, the court may grant a motion for summary judgment on grounds not raised by a

17  party.

18       Here, the parties' cross motions concentrate heavily on the question of whether Ms.

19  Brusseau qualified as a "resident" of Plaintiff's household and thus an insured under the

20  policy.  (Doc. 61 at 6-8; Doc. 59 at 5-8.)  According to Defendant's reasoning, because Ms.

21  Brusseau was still a resident of Plaintiff's household and thus an insured, the theft of the

22  items from the Prescott home fall under the policy's exclusion for thefts by individuals

23  covered under the policy.  (Doc. 61 at 6-8.)  Plaintiff maintains that Ms. Brusseau was no

24  longer a resident of his household, and thus that her theft of the items is not excluded from

25  coverage.  (Doc. 59 at 5-8.)

26       However, the parties do not address the question of whether Ms. Brusseau's taking

27  of the items from the Prescott home can be considered a "theft" at all.  Under the policy,

28  Defendant purported to cover direct physical loss to personal property when caused by theft.

1    (Doc. 62-1 at 16.) In Arizona, theft is defined by A.R.S. § 13-1802(A), which provides that

2    "[a] person commits theft if, without lawful authority, the person knowingly: 1. Controls

3    *property of another* with the intent to deprive the other person of such property . . . ."

4    (emphasis added.)

5           Here, it is undisputed that Plaintiff and Ms. Brusseau were not yet divorced at the time

6    she took the property from the home, nor was their any order issued by any court concerning

7    distribution of their community property.  Moreover, the decree later entered in the Superior

8    Court of Maricopa County expressly found that nearly all of the property Ms. Brusseau took

9    was her own private property or an equitable share of the community property.  Given that

10   Plaintiff's claim under the policy includes many, if not all, of these items of community

11   property or Ms. Brusseau's property, the Court is skeptical that any legal basis exists for

12   defining their taking as a "theft."

13          Accordingly, after considering the parties' motions, including all responses, replies,

14   statements of fact, and exhibits,

15          **IT IS HEREBY ORDERED** that the parties shall submit additional briefing on the

16   issue of whether Ms. Brusseau's removal of community property and her own personal

17   property from the Prescott home constitutes a "theft."

18          **IT IS FURTHER ORDERED** that the parties shall exchange briefs on this issue no

19   later than **February 8, 2013.**  After reviewing the opposing briefs, the parties shall file their

20   briefs on this issue to the Court no later than **February 15, 2013.**  No responses or replies

21   will be accepted.

22          DATED this 9th day of January, 2013.

23

24   _____

25                         Stephen M. McNamee
                           Senior United States District Judge

26

27

28

- 4 -