**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James J. Everett,        ) | No. CV-11-836-PHX-SMM |
|         Plaintiff,       ) | **ORDER** |
| v.                       ) | |
| American Family Mutual Insurance Co., ) | |
|         Defendant.       ) | |

Before the Court is Plaintiff's Motion for Partial Summary Judgment (Doc. 59), and Defendant's Motion for Summary Judgment (Doc. 61). The Court will order further briefing from the parties.

## BACKGROUND

Plaintiff was insured by Defendant under a policy that contained, among other provisions, a clause guaranteeing him against loss caused by theft. (Doc. 59 at 6.) The policy excluded from coverage theft committed by Plaintiff's "spouse who is a resident of [Plaintiff's] household." (Id. at 7.)

On December 28, 2008, Plaintiff informed his then-wife, Ms. Colleen Brusseau, that he intended to move out of the marital residence "sometime soon." (Doc. 62 ¶ 10.) Ms. Brusseau filed for divorce from Plaintiff on February 2, 2009. (Id. ¶ 12.) On February 14, 2009, Plaintiff visited his Prescott vacation residence; the last time Plaintiff had visited the residence prior to this occasion was in November of 2008. (Id. ¶¶ 3-4.) Upon entering the Prescott residence, Plaintiff allegedly discovered that a large amount of personal property

1 was missing. (Id. ¶ 3.)

2 Plaintiff called the Yavapai County Sheriff's Office that same day, February 14, to report the property missing. (Id. ¶ 5.) Officer Murray of the Yavapai County Sheriff's Office took a report. (Doc. 62-1 at 47.) Plaintiff informed Officer Murray that among the items missing were four Honda "Quads" and a Honda motorcycle, which were registered to him in Arizona. (Id. at 48.) The officer checked and found that no Hondas were registered to Plaintiff in Arizona. (Id.) The officer then checked the Vehicle Identification Numbers of the Hondas, and found that they were all registered to Ms. Brusseau. (Id.)

Officer Murray called Plaintiff back and informed him that the Hondas were now registered to Ms. Brusseau. (Id.) Plaintiff informed the officer that Ms. Brusseau was his wife, but that they were separated. (Id.) The officer later contacted Ms. Brusseau by telephone on March 15, 2009, and she told the officer that she took the items from the Prescott property, and that Plaintiff knew she had done so. (Id. at 49.)

On February 20, 2009, Plaintiff's attorney O'Connor sent a letter to Ms. Brusseau's attorney. (Doc. 62 ¶ 16.) The letter stated: "It appears your client has taken 95% of the furnishings from the Prescott residence. Demand is made for return of these items immediately since its [sic] my clients [sic] sole and separate property." (Doc. 62-1 at 72.)

At the divorce hearing, Ms. Brusseau again admitted to taking various items from the Prescott property. (Doc. 62 ¶ 17.) A Decree of Dissolution of Marriage from the Superior Court of Maricopa County was entered in June of 2010. (Doc. 69 ¶ 18.) As part of that decree, the court found that "with two exceptions, the tangible personal property [Brusseau] took from the Prescott house consisted of her sole and separate property . . . and an equitable portion of the community property in that house." (Doc. 62-2 at 12.) The two exceptions found by the court were a washer and dryer, and the four Hondas; the court thus ordered Ms. Brusseau to reimburse Plaintiff for value of these items. (Id.)

On March 2, 2009, Plaintiff submitted a claim with Defendant for theft of the personal property taken from the Prescott residence. (Id. at 2.) Defendant eventually denied Plaintiff's claim. (Id. at 5.) Plaintiff thereupon brought this action in the Maricopa County

1  Superior Court, alleging one count of breach of contract and one count of breach of the duty
2  of good faith and fair dealing. (Doc. 1.) Defendant timely removed to this Court. (Id.)

3  On June 1, 2012, Defendant brought its motion for summary judgment, arguing that
4  there exists no genuine issue of material fact and that judgment in its favor is appropriate as
5  a matter of law. (Doc. 59.) Defendant contends that there is no question that: (1) Plaintiff's
6  ex-wife was a member of Plaintiff's "household" at the time of the theft and thus the theft
7  is not covered under the policy; (2) Plaintiff breached the cooperation clause of the policy;
8  (3) Plaintiff violated the material misrepresentation/fraud clause of the policy; (4) Defendant
9  acted in good faith in adjusting Plaintiff's claim; and (5) there is no evidence to support
10 Plaintiff's punitive damages claim. (Id. at 1.)

11 Plaintiff simultaneously brought his motion for partial summary judgment, arguing
12 that the undisputed facts show that his ex-wife was not a member of his household at the time
13 she took the property from the Prescott residence. (Doc. 61.)

**DISCUSSION**

15 Rule 56(f)(2), FED.R.CIV.P., provides that after giving notice and a reasonable time
16 to respond, the court may grant a motion for summary judgment on grounds not raised by a
17 party.

18 Here, the parties' cross motions concentrate heavily on the question of whether Ms.
19 Brusseau qualified as a "resident" of Plaintiff's household and thus an insured under the
20 policy. (Doc. 61 at 6-8; Doc. 59 at 5-8.) According to Defendant's reasoning, because Ms.
21 Brusseau was still a resident of Plaintiff's household and thus an insured, the theft of the
22 items from the Prescott home fall under the policy's exclusion for thefts by individuals
23 covered under the policy. (Doc. 61 at 6-8.) Plaintiff maintains that Ms. Brusseau was no
24 longer a resident of his household, and thus that her theft of the items is not excluded from
25 coverage. (Doc. 59 at 5-8.)

26 However, the parties do not address the question of whether Ms. Brusseau's taking
27 of the items from the Prescott home can be considered a "theft" at all. Under the policy,
28 Defendant purported to cover direct physical loss to personal property when caused by theft.

1  (Doc. 62-1 at 16.) In Arizona, theft is defined by A.R.S. § 13-1802(A), which provides that "[a] person commits theft if, without lawful authority, the person knowingly: 1. Controls *property of another* with the intent to deprive the other person of such property . . . ." (emphasis added.)

Here, it is undisputed that Plaintiff and Ms. Brusseau were not yet divorced at the time she took the property from the home, nor was their any order issued by any court concerning distribution of their community property. Moreover, the decree later entered in the Superior Court of Maricopa County expressly found that nearly all of the property Ms. Brusseau took was her own private property or an equitable share of the community property. Given that Plaintiff's claim under the policy includes many, if not all, of these items of community property or Ms. Brusseau's property, the Court is skeptical that any legal basis exists for defining their taking as a "theft."

Accordingly, after considering the parties' motions, including all responses, replies, statements of fact, and exhibits,

**IT IS HEREBY ORDERED** that the parties shall submit additional briefing on the issue of whether Ms. Brusseau's removal of community property and her own personal property from the Prescott home constitutes a "theft."

**IT IS FURTHER ORDERED** that the parties shall exchange briefs on this issue no later than **February 8, 2013.** After reviewing the opposing briefs, the parties shall file their briefs on this issue to the Court no later than **February 15, 2013.** No responses or replies will be accepted.

DATED this 9th day of January, 2013.

_____
Stephen M. McNamee
Senior United States District Judge